# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 12-1776

———————————————————

Erica E. O'Brien

*Plaintiff - Appellant*

v.

Michael J. Astrue, Commissioner, Social Security Administration

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————

Submitted: November 26, 2012
Filed: November 27, 2012
[Unpublished]

—————————

Before BYE, GRUENDER, and BENTON, Circuit Judges.

—————————

PER CURIAM.

Erica E. O'Brien appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, see Van Vickle v. Astrue, 539

---

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

F.3d 825, 828 & n.2 (8th Cir. 2008), we agree with the Commissioner that O'Brien failed to meet her burden of proving she was disabled before her insured status expired, see Dipple v. Astrue, 601 F.3d 833, 834 (8th Cir. 2010). Specifically, there is no basis in the record for finding O'Brien's alleged mental problems to be severe. See Page v. Astrue, 484 F.3d 1040, 1043-44 (8th Cir. 2007) (step two of sequential evaluation process involves determining, based on medical evidence, if claimant has impairment or combination of impairments that significantly limits ability to perform basic work activities). Further, we defer to the administrative law judge's (ALJ's) credibility findings, because they were supported by several valid reasons, see Buckner v. Astrue, 646 F.3d 549, 558 (8th Cir. 2011) (ALJ need not explicitly discuss each of requisite credibility factors); and we find that his residual functional capacity (RFC) determination was consistent with the medical records for the relevant period (from O'Brien's alleged onset date to her date last insured), see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations; RFC determination must be supported by some medical evidence). Finally, we fail to see how the RFC form Dr. Andrew Chao completed in March 2010–three years after he began treating O'Brien, and almost seven years after O'Brien's insured status expired–provided a basis for changing the ALJ's decision. The district court is affirmed.

_____